LIN XING GUO, Petitioner

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–1878.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 21, 2007.

Filed: Nov. 30, 2007.

Lin Xing Guo, Amsterdam, NY, pro se.

Ada E. Bosque, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, JORDAN and GARTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Xing Guo Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ's) final order of removal. We will deny the petition.

Lin entered the United States in June 2004 without proper documentation, and was soon thereafter served with a Notice to Appear charging that he was removable on that basis. Lin applied for asylum, withholding of removal and protection under the Convention Against Torture.[1] Fol-

---

**2.** Because the petition fails for procedural reasons, we express no opinion on the merits of Ajao's claims.

**1.** We agree with the Government that Lin has waived his CAT claim by failing to make any argument in his brief that he is eligible for such relief.

lowing a hearing, the IJ denied relief, finding that Lin had not presented credible testimony to support his claims. The BIA affirmed, expressly noting its agreement with the IJ's adverse credibility finding, and Lin filed a timely petition for review.

We review an adverse credibility determination under the substantial evidence standard. *Xie v. Ashcroft,* 359 F.3d 239, 243 (3d Cir.2004). We must uphold the credibility determination of the BIA unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Adverse credibility determinations based on speculation or conjecture, rather than on record evidence, are reversible. *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002).[2]

The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision. In brief, Lin took over a rice factory with money he obtained through a bank loan. Soon after he acquired the factory, a government official, Chun He Lin, came with another man, Kang He Shao, and demanded 200,000 RMB worth of rice. They promised Lin they would pay the full amount, but they gave only a deposit of 5,000 RMB. Lin made efforts to collect the remaining money, but was unsuccessful, and eventually he defaulted on his bank loan. He twice attempted to sue the two men, but was told by judges not to sue. After the second rejection, he stood in front of the court and "scolded the corruption of the Communist party." A.R. 235. Although not included in his asylum application, at the hearing before the IJ, Lin added that he was arrested for this protest and was detained for fifteen days. He testified that he was beaten every day, which resulted in bruises and broken ribs. Lin then tried to sue a third time, but his

suit was refused again. Chun He Lin and Shao came to Lin and threatened to have people beat him to death if he did not stop attempting to sue them. Lin left China a few months later.

The IJ found numerous inconsistencies, both between Lin's asylum application and his testimony, and also within his testimony. We find that the IJ gave appropriate weight to the fact that Lin did not mention his detention in his asylum application. The detention and beatings represent the only evidence of past persecution, and it is remarkable that he failed to tell his attorney about the fifteen-day detention. Further, Lin additionally testified that he was detained in August 2000, but later changed his testimony and said he was detained in August 2002. Lin argues that the change in testimony came almost immediately after he mistakenly said "2000." This may be so, but it does not explain why, if he mistakenly said his detention was in 2000, he agreed with the IJ that the detention was "more than three years before you left your country"; *i.e.,* three years before November 2003. Lin's argument about linguistic differences between English and Chinese pertains to later testimony, and does not explain why he agreed that the detention was more than three years before he left the country.

We need not examine each discrepancy found by the IJ, as those concerning Lin's alleged detention are sufficient to find that the adverse credibility finding was supported by substantial evidence in the record. While jurists may differ concerning whether other discrepancies the IJ found go to the heart of the asylum claim, the evidence in the record does not compel us to conclude that Lin was credible. 8

**2.** The IJ's credibility determinations are not governed by the REAL ID Act of 2005, as the

asylum application was filed in 2004.

U.S.C. § 1252(b)(4)(B). We will therefore deny the petition.[3]

---

3. Lin's motion for a stay of removal is denied.